NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CENTERPOINT MECHANIC LIEN CLAIMS LLC, *Plaintiff/Appellant,*

*v.*

FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al.
*Defendants/Appellees.*

No. 1 CA-CV 21-0127
FILED 2-1-2022

Appeal from the Superior Court in Maricopa County
No.  CV2011-008600
The Honorable Christopher Whitten, Judge

**AFFIRMED**

COUNSEL

Perkins Coie LLP, Phoenix
By Richard M. Lorenzen, P. Derek Petersen, Benjamin C. Calleros
*Counsel for Plaintiff/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By Robert R. Berk, Lori L. Voepel, Charles M. Callahan
*Co-Counsel for Defendant/Appellee*

Loeb & Loeb LLP, New York, New York
By David M. Satnick, Helen Gavaris
*Co-Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

**P E R K I N S**, Judge:

¶1 Centerpoint Mechanic Lien Claims LLC ("CMLC") appeals the superior court's grant of summary judgment in favor of Fidelity National Title Insurance Company ("Fidelity"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 More than a decade ago, a developer began work on Centerpoint, a high-rise residential condominium development. The project failed, spawning various complex legal disputes and we consider here another installment of that legal saga. The background facts of this tale appear in our earlier opinion. *See Fidelity Nat'l Title Ins. Co. v. Centerpoint Mech. Lien Claims, LLC* ("*Centerpoint I*"), 238 Ariz. 135 (App. 2015). We summarize here only the facts relevant to this appeal.

¶3 After the development project failure resulted in a series of mechanics' liens, Fidelity agreed to defend its insureds on the mechanics' lien claims and reserved its right to later challenge coverage of those claims. The insureds thereafter attempted to enter a settlement known as a "*Morris* agreement." The agreement assigned CMLC, a company composed entirely of insureds, the "Insureds' rights, title, interest in any and all claims, actions, causes of action, suits . . . of any nature or kind whatsoever against Fidelity." Under the assignments in the *Morris* agreement, CMLC asserted claims against Fidelity under the title insurance policy for breach of contract and bad faith along with independent claims for breach of contract and tortious interference. In *Centerpoint I*, we invalidated the *Morris* agreement as to Fidelity. *Id.* at 142, ¶ 36.

¶4 On remand, the superior court granted Fidelity summary judgment on all of CMLC's claims. The court applied *Morris*' "ultimate sanction" and found CMLC forfeited its claims against Fidelity by entering into an unenforceable *Morris* agreement. CMLC timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5** CMLC argues the superior court erred in granting Fidelity's summary judgment motion by applying an "ultimate sanction" not supported by law. We review *de novo* the court's grant of summary judgment. *Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544, 545, ¶ 7 (2019).

**¶6** When an insurer agrees to provide coverage under a reservation of rights, the insured may enter a *Morris* agreement to mitigate its coverage risk. The agreement requires the insured admit liability and assigns to the claimant any rights against the liability insurer; in exchange, the claimant promises not to execute the liability judgment against the insured. *Safeway Ins. Co. v. Guerrero*, 210 Ariz. 5, 7, ¶ 1 n.1 (2005) (citing *United Servs. Auto Ass'n v. Morris*, 154 Ariz. 113 (1987)). *Morris* protects the insurer by limiting an insured's right to enter into such an agreement. The insured must (1) provide notice to the insurer, (2) demonstrate that the settlement was free from fraud and collusion, and (3) prove that the settlement amount was reasonable. *Leflet v. Redwood Fire and Cas. Ins. Co.*, 226 Ariz. 297, 300, ¶ 14 (App. 2011). A *Morris* agreement "that falls outside the permitted parameters is unenforceable." *Centerpoint I*, 238 Ariz. at 141, ¶ 28 (cleaned up). As our supreme court explained in *Guerrero*: "[i]f counsel negotiate such agreements, the result will be that their clients can collect neither from the defendant [insured] . . . nor from the insurer." 210 Ariz. at 15, ¶ 34.

**¶7** In *Centerpoint I*, we determined the unity of parties to the purported *Morris* agreement amounted to collusion, as evidenced by the significantly inflated judgment amount. *See* 238 Ariz. at 141, ¶¶ 29–30. We thus determined the negotiated settlement fell outside the permitted parameters of *Morris* and no agreement remained which CMLC could enforce against Fidelity. *See id.* at 141–42, ¶¶ 28, 36.

**¶8** Given these holdings, CMLC had no remaining claims to assert against Fidelity because there no longer existed an enforceable assignment of "any and all claims, actions, causes of action, suits . . . of any nature or kind whatsoever against Fidelity." This is consistent with *Morris* and its progeny. *See Guerrero*, 210 Ariz. at 15, ¶ 34; *see also Leflet*, 226 Ariz. at 302, ¶ 21 (an agreement that "mimics *Morris* in form" but substantively disregards the legal context the *Morris* court relied on "is both unenforceable and offensive to the policy's cooperation clause").

**¶9** We note that in their briefing and at oral argument before this court, the parties advanced their divergent views on what this court held in

*Centerpoint I*. In particular, the parties grappled with the language in paragraph 2. We cannot read the language of paragraph 2 inconsistently with the analysis and holdings found later in the opinion. With this in mind, we hold, consistent with *Centerpoint I*, the superior court properly found CMLC forfeited its claims against Fidelity by entering into a *Morris* agreement which fell outside the permitted parameters. *See* 238 Ariz. at 142, ¶¶ 36–37; *see also Guerrero*, 210 Ariz. at 15, ¶ 34. We find no error.

¶10      Both parties seek attorneys' fees under A.R.S. § 12-341.01. We award Fidelity, as the successful party, its reasonable attorneys' fees upon compliance with ARCAP 21 and deny CMLC's request.

## CONCLUSION

¶11      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA